IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Isaac Goodman, ) | |
| ) | C/A No. 3:00-3213-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| Cpl. William Slicer, Officer Damon ) | |
| Robertson, and Officer Jeffrey B. Swain ) | |
| of the Richland County Sheriff's ) | |
| Department, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Isaac Goodman is an inmate in custody of the South Carolina Department of Corrections. He currently is incarcerated at Kershaw Correctional Institution in Kershaw, South Carolina.

Plaintiff filed a complaint on October 12, 2000, pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights by using excessive force during an arrest and thereafter denying him medical attention. By order filed April 4, 2002, the Honorable Matthew J. Perry, Jr. granted summary judgment in favor of Defendants. Judgment was entered on April 5, 2002.

Plaintiff is before the court on what has been construed as a motion to reconsider pursuant to Fed. R. Civ. P. 59(e) and for relief from a judgment or order pursuant to Fed. R. Civ. P. 60(b), which motion was filed August 19, 2016.[1] Defendants William Slicer, Damon Robertson, and Jeffrey Swain filed a response in opposition on September 20, 2016.

A Rule 59(e) motion must be filed no later than 28 days after the entry of judgment.[2] A motion filed pursuant to Rule 60(b) must be made within a reasonable time. If the Rule 60(b) motion

---

[1] The matter was reassigned to the undersigned on August 22, 2016.

[2] At the time of entry of judgment, the specified period was ten days.

is made for reasons of mistake, inadvertence, surprise or excusable neglect (Rule 60(b)(1)), or for reason of fraud (Rule 60(b)(3)), as appear to be Plaintiff's reasons for his motion, the motion must be made no more than a year after the entry of the judgment or order. Fed. R. Civ. P. 60(c)(1). These times cannot be enlarged. Fed. R. Civ. P. 6(b)(2).

Plaintiff filed his motion in excess of fourteen years after entry of summary judgment. Whether Plaintiff's motion is construed as brought pursuant to Rule 59(e) or Rule 60(b), the court is without jurisdiction to reach the merits of his claims. See Greenwood v. Greenwood, 16 F.R.D. 366, 369 (E.D. Pa. 1954) ("The prohibition in Rule 6(b) is absolute."). Plaintiff's motion for reconsideration and/or relief from judgment (ECF No. 36) is barred as untimely.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

November 17, 2016